UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:15-cr-00282-NONE-1 |
| | No. 1:16-cr-00019 NONE-1 |
| Plaintiff-Respondent, | |
| | ORDER DENYING AS MOOT |
| v. | DEFENDANT'S "RULE 60" MOTION |
| ARMANDO MARTINEZ, | (Doc. No. 21) |
| Defendant-Petitioner. | |

On September 24, 2018, Defendant Armando Martinez was sentenced on two supervised release violations.[1] As to each violation of the terms and conditions of his supervised release, he was sentenced to six months incarceration with no additional term of supervised release to follow, with the sentence on each violation to run concurrently with the other. (*See* Doc. Nos. 14, 15 in No. 1:15-cr-00282-NONE-1; Doc. Nos. 10, 11 in 1:16-cr-00019 NONE-1.)

On November 26, 2018, defendant filed with this court a three-page document entitled "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ P. 60(b)," in which he requested that his sentence be altered to <u>add</u> one day, which would have resulted in a sentence of six month

---

[1] Both supervised release violation charges arose from the same "new law violation." That conduct triggered two violations of the terms and conditions of his supervised release because defendant was then under supervision related to two separate convictions. (*See* Doc. No. 4 in 1:15-cr-00282-NONE-SKO-1 and 1:16-cr-00019 NONE-1.)

1

and one day, ostensibly "to allow [defendant] to participate in post-rehabilitation programs" within the U.S. Bureau of Prisons. (Doc. Nos. 16 in No. 1:15-cr-00282-NONE-1; Doc. Nos. 12 in 1:16-cr-00019 NONE-1.) For an unknown reason, defendant's submission was not properly flagged for action by the court at the time of its filing. This oversight was recognized by the court upon the un-assignment of these actions on February 3, 2020.

In any event, even if this court had been made aware of the motion at the time of filing, it would have lacked jurisdiction to amend the sentence as requested by defendant. Federal Rule of Criminal Procedure 35 permits a court to correct a sentence that resulted from "clear error" within fourteen days of sentencing. Not only was defendant's "Rule 60(b)" motion untimely under this rule, it did not present any grounds upon which the court could have found clear error.

To the extent that the court could have construed the motion as one brought under 28 U.S.C. § 2255, the motion presented no grounds for granting relief under that statute, which permits a prisoner to petition for release "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Moreover, the court's own inquiry has revealed that petitioner is now no longer in the custody of the Bureau of Prisons. Accordingly, his motion, which sought solely to alter the <u>sentence</u> imposed in his case must be dismissed as moot because his motion cannot result in the granting of the requested relief. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."); *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (finding habeas petition challenging length of sentence moot once time had been served).

**CERTIFICATE OF APPEALABILITY**

A petitioner cannot appeal from the denial or dismissal of his 28 U.S.C. § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a 28 U.S.C. § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the court has denied a 28 U.S.C. § 2255 motion or claims within the motion on the merits, a petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Id.*  The court finds that petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The court further finds that reasonable jurists would not find the court's assessment of petitioner's claims debatable or wrong.  *Slack*, 529 U.S. at 483.  Accordingly, the court DECLINES to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above:

(1) Petitioner's motion, filed November 26, 2018, (Doc. No. 16 in No. 1:15-cr-00282-NONE-1; Doc. No. 12 in 1:16-cr-00019 NONE-1) is DISMISSED AS HAVING BEEN RENDERED MOOT,

(2) The court DECLINES to issue a certificate of appealability; and

(3) The Clerk of Court is directed to assign a district judge to the above-captioned matters for the purposes of closure and then to CLOSE THESE CASES.

IT IS SO ORDERED.

Dated: **February 26, 2020**

　　　　　　　　　　　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3